CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 15 2010

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTONIO E. GARCIA, | ) |
| | ) Civil Action No. 7:10CV00359 |
| Appellant, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) By: Hon. Glen E. Conrad |
| DIRECT FINANCIAL SERVICES, LLC, | ) Chief United States District Judge |
| | ) |
| Appellee. | ) |

This case is presently before the court on appeal from two orders of the United States Bankruptcy Court for the Western District of Virginia. The appellant seeks review of the bankruptcy court's default order granting the appellee's motion for relief from the automatic stay provisions of 11 U.S.C. § 362, and its order denying the appellant's motion to vacate the default order. For the following reasons, the orders will be affirmed.

## Background

On March 15, 2010, the appellant, Antonio E. Garcia, filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. The filing of the bankruptcy petition automatically stayed all proceedings against Garcia and all actions to obtain possession of or to exercise control over property of the bankruptcy estate. See 11 U.S.C. § 362(a).

On May 20, 2010, the appellee, Direct Financial Services, LLC ("Direct"), moved for relief from the automatic stay in order to enforce its security interest in several vehicles owned by Garcia. Direct sent a copy of the motion via first class mail to Garcia's home address in Union Hall, Virginia.

Direct's motion was scheduled for a hearing before the bankruptcy court on June 10, 2010, and on May 21, 2010, the bankruptcy court entered a pre-hearing order. The order directed Garcia to file a response to Direct's motion within 14 days, and advised him that failure to file a responsive pleading would be deemed consent to the relief requested by Direct. The Bankruptcy Noticing Center (BNC) sent a copy of the pre-hearing order via first class mail to Garcia's home address. On May 23, 2010, the BNC filed a certificate of service executed under penalty of perjury by a BNC representative.

Garcia failed to timely file a response to Direct's motion for relief from the automatic stay. Consequently, on June 8, 2010, the bankruptcy court entered a default order granting Direct's motion. That same date, Direct sent Garcia a copy of the default order via first class mail.

On June 18, 2010, Garcia filed a "motion to vacate order and reconsider on an expedited basis." In the motion, Garcia alleged that he received a copy of Direct's motion for relief from the stay, but that he "did not understand that relief would be granted if he did not prepare legal pleadings and filed [sic] them with the Court."* (Mot. to Vacate at 2).

On July 1, 2010, Direct filed an objection to Garcia's motion to vacate, to which Garcia replied on July 7, 2010. In his reply, Garcia argued as follows:

> [T]he debtor was diligent in attempting to follow the Court's order, but despite his attempts, to contact the Clerk, the Chapter 13 Trustee and the opposing lawyer, he did not understand nor did anyone tell him plainly that a "responsive pleading" as called for in the prehearing order, could have been in the form of a simple letter to the Court to state that he opposed the relief sought by the Movant how he might go about doing so.

---

* Garcia's motion to vacate was filed by counsel. For approximately six weeks prior to the filing of that motion, Garcia had proceeded pro se.

2

> Thus the Debtor could state his legal position, so that he would not be in default and the matter could go to hearing as the Debtor expected.

(July 7, 2010 Reply at 3).

The parties appeared for an evidentiary hearing on the motion to vacate on July 8, 2010. The hearing was ultimately continued to July 13, 2010.

On July 12, 2010, Garcia's counsel filed affidavits from Garcia and Garcia's wife. The affidavits alleged for the first time that Garcia had not received a copy of the pre-hearing order.

On July 13, 2010, the bankruptcy court held an evidentiary hearing on the motion to vacate. Garcia and his wife both testified at the hearing, and the bankruptcy court heard argument from counsel for both parties. At the conclusion of the hearing, the bankruptcy court denied Garcia's motion to vacate. The bankruptcy court found that the certificate of mailing from the BNC created a presumption that the pre-hearing order was received by Garcia, and that the presumption had not been sufficiently rebutted. Alternatively, the bankruptcy court found that Garcia had received adequate notice of the hearing on Direct's motion, and that Garcia had failed to attend the hearing. See July 13, 2010 Tr. at 31.

On July 15, 2010, the bankruptcy court issued an order denying Garcia's motion. The order indicated that the bankruptcy court had "considered the evidence of the Debtor given ore tenus, and the arguments of counsel for both parties." (July 15, 2010 Order at 1).

## Standard of Review

Garcia has now appealed from the default order entered on June 8, 2010 and the subsequent order denying Garcia's motion to vacate. This court has appellate jurisdiction over the matter pursuant to 28 U.S.C. § 158(a). The court reviews the bankruptcy court's factual

3

findings for clear error and its legal conclusions de novo. See IRS v. White, 487 F.3d 199, 204 (4th Cir. 2007).

A finding is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Gypsum Co., 333 U.S. 364, 395 (1948). If "there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson v. Bessemer City, 470 U.S. 564, 574 (1985). When reviewing findings of fact, "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses." Fed. R. Bankr. P. 8013.

## Discussion

In appealing the bankruptcy court's orders, Garcia raises three arguments. First, Garcia argues that the bankruptcy court erred in finding that evidence in the record gave rise to a presumption that the pre-hearing order was received by Garcia, and in finding that Garcia failed to overcome the presumption. Second, Garcia argues that the bankruptcy court erred in finding that Garcia failed to appear for a hearing on Direct's motion for relief from the stay. Third, Garcia argues that the bankruptcy court erred in failing to consider the meritorious defense asserted in Garcia's affidavit. The court will address each of these arguments in turn.

### I. The Bankruptcy Court's Findings as to the Presumption of Receipt

Garcia first challenges the bankruptcy court's finding that the BNC's certificate of service was sufficient to create a presumption that the pre-hearing order was received by Garcia, and the bankruptcy court's finding that Garcia failed to overcome the presumption. The bankruptcy court's findings on both issues involve factual determinations that are reviewed only for clear

error. See Ruch v. Cerrone & Assocs., Inc., 1995 U.S. App. LEXIS 35459, at *2 (4th Cir. Dec. 18, 1995) ("The bankruptcy court's finding on [the issue of whether the appellant received notice] is one of fact, reviewed only for clear error."); Jones Apparel Group v. Miller & Rhoads, Inc. Secured Creditors' Trust, 1992 U.S. Dist. LEXIS 14418, at *6 (E.D. Va. Mar. 25, 1992) (holding that "review of the bankruptcy court's decision as to the presumption of receipt, and any rebuttal thereof, involves a factual determination, and is, therefore, governed by a clearly erroneous . . . standard").

Rule 9014 of the Federal Rules of Bankruptcy Procedure provides that motions shall be served as set forth in Rule 7004, and that any "paper served after the motion shall be served in the manner provided by Rule 5(b) F. R. Civ. P." Fed. R. Bankr. P. 9014. Under Bankruptcy Rule 7004, service upon the debtor can be completed by mailing a copy to the debtor at the address shown in the bankruptcy petition. See Fed. R. Bankr. P. 7004(b)(9). The Federal Rules of Civil Procedure also permit service by mail to the person's last known address. See Fed. R. Civ. P. 5(b)(2)(C). Under this rule, service is complete upon mailing. Id.

Courts have long recognized the rebuttable presumption that an item properly mailed was received by the addressee. See, e.g., Rosenthal v. Walker, 111 U.S. 185 (1884); Fed. Deposit Ins. Corp. v. Schaffer, 731 F.2d 1134, 1137 n. 6 (4th Cir. 1984). "This presumption 'is one not easily overcome.'" Fed. Deposit Ins. Corp., 731 F.2d at 1137 (quoting Borden Co. v. United States, 134 F. Supp. 387, 391 (D. N.J. 1955). Indeed, it may be rebutted "only by 'clear and convincing evidence that the mailing was not in fact accomplished.'" Ruch, 1995 U.S. App. LEXIS 35459, at *3 (quoting In re Bucknum, 951 F.2d 204, 207 (9th Cir. 1991)); see also Beitel v. OCA, Inc., 551 F.3d 359, 371 (5th Cir. 2008).

In challenging the bankruptcy court's decision as to the presumption of receipt, Garcia argues that the "only evidence" to support the presumption was the certificate of service filed by the BNC. (Garcia's Br. at 17). It is well-established, however, that "[t]he certificate of mailing contained in the bankruptcy court's record creates a presumption that the notice was received." Ruch, 1995 U.S. App. LEXIS 35459, at *2 (citing In re Bucknum, 951 F. 2d 204 at 207). Here, the certificate of service indicates that a copy of the pre-hearing order was mailed to Garcia's Union Hall address, and it is undisputed that the address listed on the certificate is current and correct. Consequently, it cannot be said that the bankruptcy court committed clear error in finding that the certificate filed by the BNC created a presumption of receipt. See, e.g., In re Nealen, 407 B.R. 194, 200 (Bankr. W.D. Pa. 2009) ("The existence of the certificate of mailing by the Bankruptcy Noticing Center creates a presumption of receipt of the Court's scheduling order."); In re Lobato, 2002 Bankr. LEXIS 1936, at *7 (Bankr. D. Idaho Nov. 27, 2002) (same).

Garcia also argues that the bankruptcy court erred in finding that he failed to rebut the presumption of receipt. On this point, however, Garcia had a heavy burden. As previously stated, the presumption of receipt may be overcome only by clear and convincing evidence that the mailing was not, in fact, accomplished. See Ruch, supra. Based on the evidence before the bankruptcy court and the applicable case law, the court is unable to conclude that the bankruptcy court clearly erred in finding that the appellant failed to rebut the presumption. As Direct emphasizes in its appellate brief, Garcia admitted during the evidentiary hearing that he received every other motion, notice, and order that had been mailed to him during the course of the bankruptcy proceedings, and that his address on record with the BNC was correct. Moreover, Garcia filed two pleadings after he received the default order, neither of which suggested that he

had not received the pre-hearing order. Instead, Garcia claimed that he had been "diligent in attempting to follow the Court's [pre-hearing] order, but . . . did not understand" how to file a responsive pleading. (July 7, 2010 Reply at 3). It was not until the day before the evidentiary hearing that Garcia filed an affidavit in which he alleged, for the first time, that he had not received the pre-hearing order.

Based on the foregoing evidence of record, this court is not "left with the definite and firm conviction that a mistake has been committed." Gypsum Co., 333 U.S. at 395. While Garcia and his wife both testified that they did not receive the pre-hearing order, the bankruptcy court declined to credit their testimony. The bankruptcy court's finding in that regard may not be second-guessed by this court. See Fed. R. Bankr. P. 8013 (requiring the reviewing court to give "due regard . . . to the opportunity of the bankruptcy court to judge the credibility of the witnesses"); Stancill v. Harford Sands, Inc., 372 F.3d 637, 642 (4th Cir. 2004) ("We do not re-weigh the credibility of witnesses on appeal."); Dunning v. Simmons Airlines, Inc., 62 F.3d 863, 868 (7th Cir. 1995) ("We refuse to second-guess the court's credibility determinations because the judge has had the opportunity to observe the verbal and nonverbal behavior of the witnesses . . . rather than looking at the cold pages [of a transcript].") (internal citation omitted, alteration in original). Accordingly, the court affirms the bankruptcy court's finding that Garcia failed to rebut the presumption that he received the pre-hearing order.

II. **The Bankruptcy Court's Alternative Findings**

In denying Garcia's motion to vacate, the bankruptcy court found, in the alternative, that Garcia received the opportunity to be heard on Direct's motion for relief from the automatic stay, and that he "didn't show up." (July 13, 2010 Tr. at 30). As Garcia has repeatedly emphasized in

7

his filings on appeal, the bankruptcy court's findings in this regard were clearly incorrect. The default order granting Direct's motion was entered two days before the noticed hearing date of June 10, 2010 and, thus, no hearing was held on that particular motion. Nonetheless, the court concludes that the bankruptcy court's error in this regard was harmless, since the bankruptcy court also found that Garcia failed to rebut the presumption that he received the pre-hearing order. Stated differently, because other sufficient evidence supports the bankruptcy court's decision to deny Garcia's motion to vacate, its erroneous findings regarding Garcia's alleged failure to attend a scheduled hearing provide no basis for reversal. See, e.g., Roberts v. McVay, 2010 U.S. Dist. LEXIS 5690, at *8 (W.D. Tex. Jan. 25, 2010) ("Even more, a clearly erroneous finding is not reversible error if other sufficient evidence to support the bankruptcy court's decision exists.") (citing Thibodeaux v. Olivier, 819 F.2d 550, 552 (5th Cir. 1987)); Waites v. Braley, 110 B.R. 211, 219 (E.D. Va. 1990) ("It appears that, as the Trustee suggested at oral arguments, the bankruptcy court confused the facts of the Braley case with those of another before it. However, although these factual findings are clearly erroneous, the error is harmless.").

### III. The Bankruptcy Court's Failure to Consider the "Meritorious Defense"

In his final argument, Garcia contends that the affidavit submitted in support of his motion to vacate contained a meritorious defense to Direct's request for relief from the automatic stay, and that the bankruptcy court erred in failing to consider the defense. This argument, however, is also without merit. Having found that Garcia failed to overcome the presumption that he received the pre-hearing order and, thus, that he failed to provide an acceptable excuse for his default, the bankruptcy court was not required to consider whether Garcia had a meritorious

8

defense to Direct's motion. See, e.g., Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987) (holding that a party seeking relief from a default judgment must show not only that he has a meritorious defense, "but also that he had an acceptable excuse for lapsing into default") (internal citation and quotation marks omitted); Jones Apparel Group, 1992 U.S. Dist. LEXIS 14418, at *12 (affirming the bankruptcy court's refusal to vacate a default judgment order, and emphasizing that although the appellant was able to establish a meritorious defense, the bankruptcy court held that it did not establish an acceptable excuse for its default).

## Conclusion

For the foregoing reasons, the court concludes that the bankruptcy court did not commit reversible error in its determination that Garcia failed to overcome the presumption that he received the pre-hearing order on Direct's motion for relief from the automatic stay. Accordingly, the bankruptcy court's default order granting Direct's motion and its order denying Garcia's motion to vacate must be affirmed.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 15th day of October, 2010.

_____
Chief United States District Judge